# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 11-1125**                                    **September Term, 2013**

**EPA-76FR15704**
**EPA-78FR9112**

**Filed On:** May 15, 2014

American Forest & Paper Association, et al.,
          Petitioners

          v.

Environmental Protection Agency,
          Respondent
------------------------------
American Chemistry Council, et al.,
          Intervenors
------------------------------
Consolidated with 11-1140, 11-1144, 11-1149,
11-1154, 11-1155, 11-1161, 11-1171,
11-1173, 11-1180, 11-1183, 11-1188,
13-1111, 13-1113, 13-1114, 13-1116,
13-1118, 13-1119, 13-1120, 13-1121,
13-1123, 13-1124, 13-1127

          **BEFORE:**     Griffith, Srinivasan, and Wilkins, Circuit Judges

## O R D E R

Upon consideration of the motion for remand of the record, for partial voluntary remand without vacatur, and for revision of the briefing schedule, the responses thereto, and the reply; the motions for affirmative relief, the response thereto, and the replies; and the motion for remand of the case, the response thereto, the reply, and the letter dated April 22, 2014, it is

**ORDERED** that the motion for remand of the record, for partial voluntary remand without vacatur, and for revision of the briefing schedule be granted, and the motions for affirmative relief and the motion for remand of the case be denied. The numeric standards identified by EPA on pages 10-11 of its remand motion, set forth in "Standards of Performance for New Stationary Sources and Emission Guidelines for Existing Sources: Commercial and Industrial Solid Waste Incineration Units," 76 Fed. Reg. 15704 (Mar. 21, 2011), and "Commercial and Industrial Solid Waste Incineration Units: Reconsideration and Final Amendments; Non-Hazardous Secondary Materials

# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT
_____

**No. 11-1125**                                     **September Term, 2013**

That Are Solid Waste," 78 Fed. Reg. 9112 (Feb. 7, 2013), are hereby remanded to EPA for further proceedings.  The Clerk is directed to issue forthwith a certified copy of this order to the agency in lieu of partial formal mandate.  It is

   **FURTHER ORDERED** that the record be remanded to EPA for a period of 60 days from the date of this order to permit EPA to provide further explanation, in light of National Association of Clean Water Agencies v. EPA, 734 F.3d 1115 (D.C. Cir. 2013), for its upper prediction limit and variability analysis.  It is

   **FURTHER ORDERED** that the following briefing format and schedule apply to the remainder of the consolidated cases:

| | |
|---|---|
| Industry Petitioners' Brief<br>(not to exceed 11,200 words) | September 18, 2014 |
| Environmental Petitioners' Brief<br>(not to exceed 11,200 words) | September 18, 2014 |
| Respondent's Brief<br>(not to exceed 22,400 words) | January 2, 2015 |
| Industry Intervenor-Respondents' Brief<br>(not to exceed 7,000 words) | February 2, 2015 |
| Environmental Intervenor-Respondents' Brief<br>(not to exceed 7,000 words) | February 2, 2015 |
| Industry Petitioners' Reply Brief<br>(not to exceed 5,600 words) | February 17, 2015 |
| Environmental Petitioners' Reply Brief<br>(not to exceed 5,600 words) | February 17, 2015 |
| Deferred Appendix | February 24, 2015 |
| Final Briefs | March 3, 2015 |

# United States Court of Appeals

### For The District of Columbia Circuit

_____

**No. 11-1125**                                          **September Term, 2013**

        The parties will be notified by separate order of the oral argument date and composition of the merits panel.  The court reminds the parties that

> In cases involving direct review in this court of administrative actions, the brief of the appellant or petitioner must set forth the basis for the claim of standing. . . .  When the appellant's or petitioner's standing is not apparent from the administrative record, the brief must include arguments and evidence establishing the claim of standing.

See D.C. Cir. Rule 28(a)(7).

        To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook of Practice and Procedures 41 (2013); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

        Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief.  Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

**Per Curiam**

                                        **FOR THE COURT:**
                                        Mark J. Langer, Clerk

                        BY:    /s/
                                        Timothy A. Ralls
                                        Deputy Clerk

Page 3